UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER RICHARD PRETZER,

    Plaintiff,

v.                                                          Case No.: 2:19-cv-735-SPC-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

# **OPINION AND ORDER**[1]

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation ("R&R") (Doc. 20). Judge Mizell recommends granting the Defendant Commissioner of Social Security's motion to dismiss for lack of subject-matter jurisdiction (Doc. 16), directing the clerk to enter judgment in the Commissioner's favor, and closing the case. (Doc. 20). Plaintiff Christopher Pretzer objected to the R&R (Doc. 21), and the Commissioner responded (Doc. 22). The R&R is ripe for review.

When reviewing an R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party specifically objects to an R&R, the district court engages in a *de novo* review of the issues raised. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The R&R explains the procedural history of Pretzer's two applications for disability benefits under the Social Security Act, and the Court adopts that recitation of facts.

**A. Pretzer's Objection 1: Due Process**

The Court's jurisdiction to review decisions reached by the Commissioner of Social Security is limited. 42 U.S.C. § 405(g)-(h). One avenue for a plaintiff to obtain federal judicial review is to raise a "colorable constitutional claim" because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Califano v. Sanders,* 430 U.S. 99, 109 (1977). To be colorable, the due process claim must be more than a "mere allegation of a due process violation." *Vertullo v. Colvin,* 89 F. Supp. 3d 756, 765-66 (W.D. Pa. 2015) (quoting *Banks v. Chater,* 949 F. Supp. 264, 266 (D.N.J. 1996)). And a due process claim is not colorable if it is made "solely for the purpose of obtaining jurisdiction," otherwise "[e]very disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review." *Banks v. Chater,* 949 F. Supp. 264, 266 (D.N.J. 1996) (citing *Boettcher v. Secretary of*

*HHS,* 759 F.2d 719, 722 (9th Cir. 1985); *Holloway v. Schweiker,* 724 F.2d 1102, 1105 (4th Cir. 1984)).

Pretzer purports to raise a colorable constitutional claim.  He does not.  First, Pretzer argues that the ALJ could not dismiss his 2016 claim for benefits ("Claim #2") because *res judicata* did not apply. And because the ALJ could not dismiss Claim #2, Pretzer argues he was entitled to a hearing on the merits of that claim.  Contained within this is a secondary argument that the ALJ's dismissal rationale was incorrect because the ALJ did not have to reopen Pretzer's 2010 claim for benefits ("Claim #1") to adjudicate Claim #2 on the merits.  Pretzer argues that this alleged procedural violation—the ALJ's dismissal of Claim #2 without a hearing—constitutes a violation of his substantive and procedural due process rights.

Pretzer's argument glosses over some important facts, including the fact that Claim #2 was properly considered a reopening by all parties involved.[2]  In ALJ Reamon's Order of Dismissal, he specifically states "[t]he claimant's representative is *requesting reopening* of the prior unfavorable Administrative Law Judge decision issued on November 17, 2014." (Doc. 16-11) (emphasis added).  The claim then went to the Appeals Council, which remanded with

---

[2] In fact, Pretzer *still* views Claim #2 to be a petition to reopen Claim #1.  In his Complaint, Pretzer requests "that the Plaintiff's claims *from 2010* and 2016 be considered on the merits" and "that the Court order the Commissioner to hold a hearing on the *Request to Reopen the Plaintiff's 2010 application.*"  (Doc. 1 at 7) (emphasis added).

instructions for the ALJ to "evaluate the *request for reopening* per 20 CFR 404.988 and HALLEX I-2-9-5(A)." (Doc. 16-12) (emphasis added). The ALJ did as requested and found that Claim #2—an implied request for *reopening*—was filed outside the 4-year reopening period. (Doc. 16-15). The Pre-Hearing Memorandum submitted by Pretzer characterized the matter as a "*Request to Reopen*." (Doc. 16-10) (emphasis added). And in a letter from Pretzer to ALJ Rodgers, Pretzer stated that "[t]he opinions offered by Dr. Jeffrey Dash and Dr. Michael Mozzetti . . . represent new and material evidence and should be considered good cause grounds *for reopening Mr. Pretzer's prior claim* under the guidance of HALLEX I-2-9-40 C." (Doc. 16-14) (emphasis added).

Pretzer now argues that Claim #1 did not have to be reopened to adjudicate Claim #2 on the merits (despite his earlier position that Claim #2 was a petition to reopen Claim #1). But HALLEX I-2-9-20 and I-2-9-10 both view reopening as "implied" when a new claim "alleges an onset of disability during a previously adjudicated time period." Pretzer's Claim #2 was for the period of March 15, 2014 to March 31, 2014, which is wholly subsumed in the period of Pretzer's Claim #1 (July 26, 2009 to March 31, 2014).

To summarize, Claim #1 was final. Claim #2 was properly viewed as a petition to reopen Claim #1. Claim #2 was denied because it was filed outside the 4-year reopening period in 20 C.F.R. § 404.988. And the ALJ did not need to hold a hearing on reopening because "a petition to reopen a prior final

4

decision may be denied without a hearing." *Califano v. Sanders*, 430 U.S. at 108. *See also Smith v. Berryhill,* 139 S. Ct. 1765, 1775 (2019) ("*Unlike a petition to reopen*, a primary application for benefits may not be denied without an ALJ hearing . . . the claimant's access to the first bite at the apple is indeed a matter of legislative right rather than agency grace") (emphasis added).

Pretzer attempts to complicate *Califano*'s clarity on this issue by arguing that the ALJ did not have express authority to dismiss the claim under 20 C.F.R. § 404.957, and therefore Pretzer was entitled to a hearing.[3] The Court is unconvinced that—even if dismissal were procedurally incorrect—any due process violation was committed.  Not every procedural misstep is of constitutional magnitude.  *See Holland v. Heckler,* 764 F.2d 1560, 1563 (11th Cir. 1985) (finding "[t]he ALJ's failure to adequately inform plaintiff of her statutory right is a statutory wrong" but does not "rise[] to the level of a constitutional wrong").

"[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The touchstones of due process are notice and opportunity to be heard.

---

[3] Pretzer invites the Court to ignore the regulations concerning reopening and only consider the procedural propriety (or impropriety) of the ALJ dismissing the case absent *res judicata.* Pretzer agrees that *res judicata* does not apply but then argues that the R&R should have focused on *res judicata* rather than the regulations concerning reopening.  (Doc. 21 at 3) ("[W]hile 20 C.F.R. § 404.989 and its counterpart 20 C.F.R. § 404.988 allow the ALJ to refuse to reopen a prior application . . . these provisions apply to *reopening,* and not to the issues that concern *res judicata*").

5

*Mathews v. Eldridge,* 424 U.S. 319, 348 (1976) (citing *Joint Anti-Fascist Comm. v. McGrath,* 341 U.S. 123, 171-72 (1951)).

As outlined above, Pretzer had notice that Claim #2 was being treated as a petition to reopen Claim #1. Pretzer also had an opportunity to brief the propriety of reopening and to submit new evidence, and he did so. (Doc. 16-14). Pretzer has not alleged that—had a hearing been granted—the evidence presented would have been different. Pretzer has not argued, for instance, that he intended to present witness testimony at the hearing but could not because the ALJ dismissed his case without a hearing.[4]

Instead, Pretzer makes the blanket allegation that "by refusing to hold a hearing on the merits and by refusing to issue a decision on the merits, the ALJ failed to provide the Plaintiff with a meaningful opportunity to be heard and violated the Plaintiff's substantive due process rights." (Doc. 21 at 5). This generic allegation is not enough to raise a colorable constitutional claim. *See, e.g., Roberts v. Astrue,* No. 11-166, 2012 WL 1850945, at *4 (W.D. Pa. May 21, 2012) ("Plaintiff has not articulated how the few possible procedural missteps

---

[4] Even if this had been raised, it is also important to note that in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court assessed the necessity of a hearing in the adjacent scenario of termination of disability benefits. The Court concluded that "the judicial model of an evidentiary hearing" is not critical in the disability context because a person's eligibility for benefits turns upon "routine, standard, and unbiased medical reports," not a "wide variety of information" or "issues of witness credibility and veracity." *Id.* at 344-45, 348.

6

of the SSA prevented him from receiving fair and meaningful consideration of his DIB claim").

The ALJ asked for briefing and Pretzer responded and submitted "new" evidence. And Pretzer has not argued his ability to present evidence was impeded. So although Pretzer may have been deprived of a hearing (which, in accordance with *Califano*, he was not entitled to), he was not deprived of a meaningful opportunity to be heard.

This becomes even clearer when you consider Pretzer's Claim #2 is just a microcosm of his fully adjudicated Claim #1—a claim for which Pretzer *did* receive a hearing.[5] The ALJ concluded that the "new evidence" submitted by Pretzer's representative in connection with Claim #2 had either previously been addressed in Claim #1 or that substantially similar evidence had been presented in support of Claim #1. (Doc. 16-15). In short, Claim #2 was merely an attempt to readjudicate the fully adjudicated Claim #1 outside the 4-year reopening window.

## B. Pretzer's Objection 2: Mandamus Jurisdiction

Pretzer also objects to the R&R's conclusion that this Court lacks mandamus jurisdiction over this matter under 28 U.S.C. § 1361. Mandamus

---

[5] The Court recognizes that under 20 C.F.R. § 404.957, *res judicata* does not apply, and that the ALJ found that *res judicata* did not apply. Although *res judicata* does not apply, the Court cannot ignore—in assessing Pretzer's due process claim—the fact that Pretzer's Claim #2 had essentially already been addressed through the adjudication of Claim #1.

7

jurisdiction exists only when: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." *Cash v. Barnhart,* 327 F.3d 1252, 1258 (11th Cir. 2003) (citing *Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir. 1980)). As discussed in the R&R, Pretzer's claim for mandamus jurisdiction fails on all fronts. Because Claim #2 was properly viewed as a reopening of Claim #1, Pretzer did not have a clear right to a hearing on Claim #2. *See Smith v. Berryhill,* 139 S. Ct. 1765, 1777-1778 (2019) (referring to a petition for reopening as "a second look that the agency . . . made available to claimants as a matter of grace"); *Califano,* 430 U.S. at 108 ("a petition to reopen a prior final decision may be denied without a hearing"). Correspondingly, the Commissioner did not have a clear duty to provide Pretzer with a hearing on Claim #2.

And while Pretzer contends that he has no other adequate remedy, Pretzer appealed the ALJ's dismissal of Claim #2 to the Appeals Council the day after he filed this case. (Doc. 16-18). Accordingly, Pretzer still has an administrative remedy available that he failed to exhaust before filing.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 20) is **ACCEPTED** and **ADOPTED** and the findings incorporated herein.

2. Plaintiff Pretzer's Objections to the Magistrate Judge's Report and Recommendations ([Doc. 21](Doc. 21)) are **OVERRULED**.

3. The Defendant Commissioner of Social Security's Motion to Dismiss ([Doc. 16](Doc. 16)) is **GRANTED**.

4. The Clerk of Court is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 30, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record